MEMORANDUM **
Defendants William Berg and Berg Injury Lawyers appeal the district court’s grant of summary judgment in favor of plaintiff AC Houston Lumber Company Employee Health Plan. AC Houston, an ERISA[1] plan, sued the defendants pursuant to 29 U.S.C. § 1132(a)(3) to enforce a plan lien for medical benefits paid on behalf of plan beneficiary Mark Freed. The defendants represented Freed in his personal injury action and disbursed the settlement money without paying the plan lien. The district court held that the plan’s lien had priority over attorneys’ fees and ordered the law firm and attorney defendants to pay $16,522.05 of the law firm’s fees and costs to the plan. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.
Hotel Employees & Rest. Employees Int’l Union Welfare Fund v. Gentner, 50 F.3d 719 (9th Cir.1995), controls. Gentner held that an ERISA plan’s lien cannot be enforced against an attorney who did not sign the reimbursement agreement or expressly agree to honor the plan’s lien. Id. at 721-22.
The plaintiff here argues that Sereboff v. Mid Atlantic Med. Serv., Inc., 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006), overrules Gentner. We disagree. Serebojf concerned claims against plan beneficiaries, parties who were bound by the plan terms. Id. at 359-60, 126 S.Ct. 1869. Sereboff did not undermine the logic of Gentner, which dealt with lawyers who are not parties to the plan.[2]
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461.

. Because we reverse on this ground, we do not consider the alternative arguments asserted by the defendants.